UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE BOYKINS,

                Plaintiff,

-against-

OFFICER ANGEL LOPEZ, BADGE # 600;
OFFICER JOSEPH PALERMO, BADGE # 436;
OFFICER PARADES, BADGE # 94/625; CITY
OF NEWBURGH; CITY OF NEWBURGH
POLICE DEPT.,

                Defendants.

21-CV-2831 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated in the Orange County Jail, brings this action under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him and unlawfully arrested him. By order dated July 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis (IFP).[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. City of Newburgh Police Department

Plaintiff's claims against the City of Newburgh Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses the City of Newburgh Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Service on Officers Lopez, Palermo, and Parades, and the City of Newburgh

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Angel Lopez, Officer Joseph Palermo, Officer Parades, and the City of Newburgh through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the City of Newburgh Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Officer Angel Lopez, Officer Joseph Palermo, Officer Parades, and the City of Newburgh, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service.

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 13, 2021
       White Plains, New York

                                                  KENNETH M. KARAS
                                                  United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Officer Angel Lopez, Badge # 600
   City of Newburgh Police Department
   55 Broadway
   Newburgh, NY 12550

2. Officer Joseph Palermo, Badge # 436
   City of Newburgh Police Department
   55 Broadway
   Newburgh, NY 12550

3. Officer Parades, Badge # 94/625
   City of Newburgh Police Department
   55 Broadway
   Newburgh, NY 12550

4. City of Newburgh
   City Hall, Second Floor
   83 Broadway
   Newburgh, NY 12550