UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE BOYKINS,

                     Plaintiff,

    v.

OFFICER ANGEL LOPEZ, *et al.*,

                    Defendants.

No. 21-CV-2831 (KMK)

OPINION & ORDER

Appearances:

Tyrone Boykins
Goshen, NY
*Pro Se Plaintiff*

Kimberly Hunt Lee, Esq.
David L. Posner, Esq.
McCabe & Mack LLP
Poughkeepsie, NY
*Counsel for Defendant City of Newburgh*

KENNETH M. KARAS, District Judge:

    Tyrone Boykins ("Boykins" or "Plaintiff"), proceeding pro se and currently incarcerated at Orange County Correctional Facility, brings this action, pursuant to 42 U.S.C. § 1983, against the City of Newburgh (the "City"), City of Newburgh Police Department, as well as three of its police officers, Angel Lopez ("Lopez"), Joseph Palermo ("Palermo"), and Paredes (together, "Individual Defendants"; and collectively, "Defendants") alleging that Defendants used excessive force against him, unlawfully arrested him, committed perjury, and denied him medical assistance.  (*See generally* Compl. (Dkt. No. 1).)  Before the Court is the City's Motion To Partially Dismiss the Complaint (the "Motion").  (*See* Not. of Mot. (Dkt. No. 17).)  For the reasons outlined below, the Motion is granted.

<u>I.  Background</u>

<u>A.  Factual Background</u>

Unless otherwise stated, the following facts are drawn from Plaintiff's Complaint and are assumed true for the purpose of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).[1]

Plaintiff alleges that, on August 17, 2020, at around 4 p.m., Plaintiff and two other individuals were "abruptly stopped by Officer Angel Lopez [and] Officer Parades."  (Compl. 7).  According to Plaintiff, the officers drew their firearms on them "without warning, explanation, or [p]robable [c]ause," leading Plaintiff to fear for his life, especially because he "was not committing any crime."  (*Id.*)  In response, Plaintiff alleges that he backed away, and did not run or resist.  (*Id.*)

According to Plaintiff, Palermo then "aggressively tackled" Plaintiff and began to kneel on his ribs.  (*Id.*)  "Officer Angel Lopez aided the attack" and began "striking [Plaintiff's] head with a closed fist."  (*Id.*)  Plaintiff alleges that while he was being physically assaulted at gunpoint, he was screaming out that he was not fighting or resisting.  (*Id.*)

Plaintiff alleges that, as a result of this interaction, he sustained several injuries including, "bruised ribs, bruised [and] knotted head lumps[, and] mental anguish as to the [p]ost traumatized stress of being completely violated by sworn officers."  (*Id.* at 5.)  Plaintiff further alleges that he was falsely accused of "resisting arrest," and that upon his arrest, he was denied medical attention.  (*Id.* at 8.)

---

[1] When citing the Complaint, the Court will refer to the page numbers generated by ECF in the top right-hand corner.

B.  Procedural History

Plaintiff filed his Complaint on April 1, 2021.  (Dkt. No. 1.)  On April 15, 2021, Plaintiff filed an application to proceed in forma pauperis, (Dkt. No. 4), which was granted on July 12, 2021, (Dkt. No. 5).  On July 13, 2021, the Court issued an Order of Service, in which it dismissed Plaintiff's claims against the City of Newburgh Police Department.  (Dkt. No. 7.)  On August 16, 2021, the City filed a pre-motion letter outlining the grounds for their anticipated motion.  (Dkt. No. 12.)  The Court adopted a briefing schedule on August 26, 2021.  (Dkt. No. 14.)  The City filed their Motion and supporting documents on September 30, 2021.  (Dkt. Nos. 17–21.)  Because Plaintiff never submitted an Opposition, the Court deems the Motion to be fully briefed.

## II.  Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations

3

in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, as discussed above, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of*

*Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted).  However, "the liberal

treatment afforded to pro se litigants does not exempt a pro se party from compliance with

relevant rules of procedural and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559

(S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601,

605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding

procedural rules and to comply with them." (italics omitted)).

 B. Analysis

  City Defendants argue that (1) Plaintiff fails to state a claim for false arrest, (*see* Defs.'

Mem. of Law in Supp. of Mot. To Dismiss Compl. ("Defs.' Mem") 3–4 (Dkt. No. 19)); (2)

Plaintiff fails to state a claim for denial of medical care, (*see id.* at 4–5); (3) Plaintiff fails to state

a claim for perjury, (*see id.* at 5–6); and (4) Plaintiff fails to state a claim against the City under

*Monell*, (*see id.* at 6.)  The Court will address these arguments as necessary to resolve the

Motion.

  1. Service

  As an initial matter, although the City does not dispute that it was served, the City noted

in its Memorandum in support of the Motion that it has received no information regarding

service of the Summons and Complaint on the Individual Defendants.  (*See* Defs.' Mem 1 n.1.)

  The Summons, which was issued by the Clerk of Court as directed by the Court in its

Order of Service, (*see* Dkt. No. 7), contains the names and business address of the Individual

Defendants, (*see* Dkt. No. 8).  Federal Rule of Civil Procedure 4 provides that "an individual . . .

may be served in a judicial district of the United States by following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court

is located or where service is made . . . ."  Fed. R. Civ. P. 4(e)(1).  Under New York law,

personal service can be made

> by delivering the summons within the state to a person of suitable age and discretion
> at the actual place of business, dwelling place or usual place of abode of the person
> to be served and by either mailing the summons to the person to be served at his or
> her last known residence or by mailing the summons by first class mail to the person
> to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308.  However, to date, the Court has not received confirmation that the

Individual Defendants were properly served under Federal Rule of Civil Procedure 4 and New

York law.  Thus, at this juncture, until it receives that confirmation, the Court cannot consider

the Individual Defendants to be served.

### 2. Materials Considered

Additionally, before considering the merits of the Motion, the Court determines the

proper treatment of a number of exhibits attached to the Complaint and Defendants' Motion.

Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the

pleadings themselves," because "[t]o go beyond the allegations in the [c]omplaint would convert

the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56."  *Thomas v.

Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002).

"Nevertheless, the Court's consideration of documents attached to, or incorporated by

reference in the [c]omplaint, and matters of which judicial notice may be taken, would not

convert the motion to dismiss into one for summary judgment."  *Id.*; *see also Bellin v. Zucker*, 6

F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to

dismiss," courts may "consider the complaint in its entirety . . . , documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice"); *Hu v. City of

New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may

consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration omitted) (quoting *Saimels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993))). "Moreover, 'where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint.'" *Alvarez v. County of Orange*, 95 F. Supp. 3d 385, 394 (S.D.N.Y. 2015) (alteration omitted) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).

Plaintiff attached several documents to the Complaint, including (1) the text of two New York state law opinions; (2) a pre-booking injury form from the Orange County Sheriff's Office and associated photographs; and (3) a medical incident report from the Orange County Jail.  (*See* Compl.)  Because these documents were attached to the Complaint, the Court will consider them. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (noting that a plaintiff's "complaint is deemed to include any written instrument attached to it as an exhibit"); *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 530 F. Supp. 3d 447, 451 (S.D.N.Y. 2021), *reconsideration denied*, No. 19-CV-6957, 2022 WL 889209 (S.D.N.Y. Mar. 25, 2022) (same).

Defendants attached the following exhibits to their Motion: (1) the Complaint, (*see* Aff. of David L. Posner, Esq. in Supp. of Mot. ("Posner Aff.") (Dkt. No. 18) Ex. A (Dkt. No. 18-1)); (2) the Superior Court Information (*see* Posner Aff. Ex. B ("Superior Court Information") (Dkt. No. 18-2)); (3) the transcript from Plaintiff's guilty plea hearing, (*see* Posner Aff. Ex. C ("Hearing Tr.") (Dkt. No. 18-3)); and (4) the arrest report associated with Plaintiff's arrest (*see* Posner Aff. Ex. D ("Arrest Report") (Dkt. No. 18-4)).  It is axiomatic that the Court can consider

the Complaint.  This leaves the arrest report, the Superior Court Information, and the transcript

from Plaintiff's guilty plea hearing.  (*See* Posner Aff. ¶ 2.)

"Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies

on the materials in framing the complaint, (2) the complaint clearly and substantially references

the documents, and (3) the document's authenticity or accuracy is undisputed."  *Stewart v.*

*Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017)

(emphasis omitted) (collecting cases); *see also Dunkelberger v. Dunkelberger*, No. 14-CV-3877,

2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the

complaint must make a clear, definite, and substantial reference to the documents, and to be

integral to the complaint, the plaintiff must have (1) actual notice of the extraneous information

and (2) relied upon the documents in framing the complaint." (alterations omitted) (quoting *Bill*

*Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-847, 2012 WL 4335164, at *3

(S.D.N.Y. Sept. 21, 2012))).  The Court finds that none of these documents has been

incorporated by reference into the Complaint because none of the documents was referenced in

the Complaint.  (*See generally* Compl.)  *See also Hutson v. Notorious B.I.G., LLC*, No. 14-CV-

2307, 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015) (declining to consider documents on a

motion to dismiss as incorporated by reference where "they are not referenced in the

[complaint]").

However, "Courts may take judicial notice of public documents and matters of public

record," *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y.  2018), including

"document[s] filed in another court[,] not for the truth of the matters asserted in the other

litigation, but rather to establish the fact of such litigation and related filings," *Glob. Network*

*Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quotation marks

8

omitted).  Beginning with the arrest report, although some courts in this Circuit have observed "that a district court may rely on [arrest reports] in deciding a motion to dismiss under Rule 12(b)(6)," *Harris v. Howard*, No. 08-CV-4837, 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (quotation marks omitted), courts generally decline to judicially notice arrest reports to establish the truth of the assertions therein, *see Vasquez v. City of New* York, No. 99-CV-4606, 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000) (judicially noticing an arrest report "not for the truth of the facts set forth therein, but for the fact that the document[ ] existed").  "And some courts in this Circuit have declined to judicially notice arrest reports altogether."  *Bey v. Antoine*, No. 19-CV-1877, 2021 WL 3725985, at *7 (E.D.N.Y. Aug. 23, 2021); *see also Weaver v. City of New York*, No. 13-CV-20, 2014 WL 950041, at *3 (E.D.N.Y. Mar. 11, 2014) ("This Court is not persuaded [] that Second Circuit precedent permits consideration of an arrest report on a 12(b)(6) motion."); *but see Awelewa v. New York City*, No. 11-CV-778, 2012 WL 601119, at *3 (S.D.N.Y. Feb. 23, 2012) (taking judicial notice of a public NYPD arrest report).  "The Court agrees with the courts that have refused to rely on such materials at this stage," *Alvarez*, 95 F. Supp. 3d at 395, and therefore declines to consider the arrest report.

Next, with respect to the Superior Court Information, courts within the Second Circuit routinely take judicial notice of criminal complaints, indictments, and other charging instruments.  *See Griffith v. Clarkstown Police Dep't*, No. 20-CV-06505, 2022 WL 1213452, at *2 n.3 (S.D.N.Y. Apr. 25, 2022) ("Judicial notice may be taken of public records, including . . . criminal complaints, indictments, and criminal disposition data."); *see also Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1389 (2d Cir. 1992) (noting with approval that the court had previously taken judicial notice of several indictments); *Garcia–Garcia v. City of New York*, No. 12-CV-1302, 2013 WL 3832730, at *1 n.1 (S.D.N.Y. July 22, 2013) (taking judicial

notice of criminal complaints and indictments for the limited fact that plaintiff was arrested and charged with certain crimes).

Finally, the Court will also take judicial notice of the hearing transcript from Plaintiff's guilty plea, as "courts routinely take judicial notice—at the motion to dismiss stage—of transcripts of related judicial proceedings, including criminal proceedings," and this Court will do the same here. *Coggins v. County of Nassau*, No. 07-CV-3624, 2008 WL 2522501, at *7 (E.D.N.Y. June 20, 2008) (collecting cases); *see also Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("Here, the [c]ourt finds it proper to take judicial notice of [the] plaintiff's guilty plea, . . . as a matter of public record without converting [the] defendant's motion [to dismiss] into one for summary judgment.").

### 3. *Monell* Claims

"To state a claim under [§ 1983], the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory right." *Sykes*, 723 F.3d at 405–06. However, "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009).

The fifth element reflects the notion that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,

520 U.S. 397, 403 (1997*); see also Newton v. City of New York*, 566 F. Supp. 2d 256, 270

(S.D.N.Y. 2008) ("As subsequently reaffirmed and explained by the Supreme Court,

municipalities may only be held liable when the municipality itself deprives an individual of a

constitutional right.").  In other words, a municipality may not be liable under § 1983 "by

application of the doctrine of respondeat superior."  *Pembaur v. City of Cincinnati*, 475 U.S. 469,

478 (1986) (italics omitted); *see also Vassallo v. Lando*, 591 F. Supp. 2d 172, 201 (E.D.N.Y.

2008) (noting that "a municipal entity may only be held liable where the entity itself commits a

wrong").  Instead, there must be a "direct causal link between a municipal policy or custom and

the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see

also City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("[G]overnments should be held

responsible when, and only when, their official policies cause their employees to violate another

person's constitutional rights.").

        "In determining municipal liability, it is necessary to conduct a separate inquiry into

whether there exists a 'policy' or 'custom.'"  *Davis v. City of New York*, 228 F. Supp. 2d 327,

336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003).  Normally, "a custom or policy

cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee

of the [municipality]."  *Newton*, 566 F. Supp. 2d at 271; *see also City of Oklahoma City v. Tuttle*,

471 U.S. 808, 823–24 (1985) (plurality opinion) ("Proof of a single incident of unconstitutional

activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes

proof that it was caused by an existing, unconstitutional municipal policy, which policy can be

attributed to a municipal policymaker."); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411,

427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the

affirmative link between the municipal policy or custom and the alleged unconstitutional

violation.").

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the

following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by
> government officials responsible for establishing the municipal policies that caused
> the particular deprivation in question; (3) a practice so consistent and widespread
> that, although not expressly authorized, constitutes a custom or usage of which a
> supervising policy-maker must have been aware; or (4) a failure by policymakers
> to provide adequate training or supervision to subordinates to such an extent that it
> amounts to deliberate indifference to the rights of those who come into contact with
> the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).

Moreover, a plaintiff must also establish a causal link between the municipality's policy, custom,

or practice and the alleged constitutional injury.  *See Tuttle*, 471 U.S. at 824 n.8 ("The fact that a

municipal 'policy' might lead to 'police misconduct' is hardly sufficient to satisfy *Monell*'s

requirement that the particular policy be the 'moving force' behind a constitutional violation.

There must at least be an affirmative link between[, for example,] the training inadequacies

alleged, and the particular constitutional violation at issue." (emphasis omitted)); *Roe*, 542 F.3d

at 37 (holding that "a plaintiff must demonstrate that, through its deliberate conduct, the

municipality was the 'moving force' behind the alleged injury" (quoting *Brown*, 520 U.S. at

404)); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) ("Absent a showing of a causal

link between an official policy or custom and the plaintiffs' injury, *Monell* prohibits a finding of

liability against the [c]ity."); *Johnson v. City of New York*, No. 06-CV-9426, 2011 WL 666161,

at *3 (S.D.N.Y. Feb. 15, 2011) (noting that after demonstrating the existence of a municipal

policy or custom, "a plaintiff must establish a causal connection—an affirmative link—between

the policy and the deprivation of his constitutional rights" (quotation marks omitted)).

Here, Plaintiff makes no reference to any municipal policy or custom in the Complaint. (*See generally* Compl.)  As the City argues, "[i]t seems only to be involved as a [D]efendant because it is the employer of the three individual police officers [P]laintiff has also named as [D]efendants."  (Defs.' Mem. at 6.)  This is plainly insufficient under *Monell*.  "Absent an alleged policy or custom that caused constitutional harm, Plaintiff cannot maintain a *Monell* claim against the C[ity]."  *Sagaria v. Orange Cnty. Jail*, No. 20-CV-2287, 2021 WL 4392422, at *8 n.11 (S.D.N.Y. Sept. 24, 2021); *see also Lara-Grimaldi v. Cty. of Putnam*, No. 17-CV-622, 2018 WL 1626348, at *20 (S.D.N.Y. Mar. 29, 2018) (dismissing a *Monell* claim where the plaintiff failed "to cite or describe a policy officially promulgated by [the county] or a specific act taken by a final policymaker of [the county]" relevant to the plaintiff's claims) (collecting cases); *Arnold v. Westchester County*, No. 09-CV-3727, 2010 WL 3397375, at *9 (S.D.N.Y. Jan. 3, 2011) (dismissing a claim against the county because the complaint "[did] not allege the existence of an unconstitutional custom or policy"), *report and recommendation adopted sub nom. Arnold v. Westchester Cnty. Dep't of Corr.*, 2010 WL 3397372 (S.D.N.Y. Aug. 25, 2010); *Salvatierra v. Connolly*, No. 09-CV-3722, 2010 WL 5480756, at *10 (S.D.N.Y. Sept. 1, 2010) (dismissing a claim against agencies where the plaintiff did not allege that any policy or custom caused the deprivation of his rights), *report and recommendation adopted*, 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011); *5 Borough Pawn, LLC v. City of New York*, 640 F. Supp. 2d 268, 300 (S.D.N.Y.  2009) (dismissing a *Monell* claim where the "plaintiffs fail[ed] to allege any facts showing that there is a [c]ity policy—unspoken or otherwise—that violates the Federal Constitution").

Furthermore, "Plaintiff's claim is based on a *single* incident of [the Individual Defendants' alleged] failure to follow protocol, which generally is insufficient to establish a

*Monell* claim." *Murphy v. Spaulding*, No. 20-CV-9013, 2022 WL 294552, at *10 (S.D.N.Y. Feb. 1, 2022) (emphasis added); *see also Sagaria*, 2021 WL 4392422, at *8 n.11 ("Normally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality.") (alterations and quotation marks omitted); *Stewart v. Schiro*, No. 13-CV-3613, 2015 WL 1854198, at *16 (E.D.N.Y. Apr. 22, 2015) (dismissing *Monell* claim where the plaintiff alleged "that he was injured as a result of a single, isolated episode of misconduct by a fellow inmate"); *Fernandez v. N.Y.C. Dep't of Corr.*, No. 08-CV-4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010*)* ("[The] [p]laintiff appears to allege a single, isolated episode of misconduct by correction officers . . . in failing to adequately provide for his safety and medical needs.  Thus, [the] [p]laintiff's claim for municipal liability must be dismissed.").

          4. False Arrest

"[A] § 1983 claim for false arrest derives from [the] Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006); *see also Scalpi v. Town of East Fishkill*, No. 14-CV-2126, 2016 WL 858944, at *10 (S.D.N.Y. Feb. 29, 2016) (same).  "A [§] 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (quotation marks omitted).  "To prevail, a plaintiff must prove four elements: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement[,] and (4) the confinement was not otherwise privileged." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 203 (E.D.N.Y. 2014) (quotation marks omitted).

Probable cause is a complete defense to an action for false arrest, whether that action is brought under New York state law or under § 1983. *See Simpson*, 793 F.3d at 265.  In general, probable cause exists where an arresting officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* (quotation marks omitted).  Probable cause is measured based on "those facts available to the officer at the time of arrest and immediately before it," *id.* (quotation marks omitted), and the existence of probable cause must be determined based on the "totality of the circumstances," *see Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989).  A court assessing probable cause must "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quotation marks omitted); *see also Drayton v. Young,* No. 17-CV-5440, 2018 WL 5831324, at *4 (S.D.N.Y. Nov. 7, 2018) (same).

"[A] conviction for the offense which precipitated the arrest is definitive evidence of probable cause." *Jean-Laurent v. Cornelius*, No. 15-CV-2217, 2017 WL 933100, at *4 (S.D.N.Y. Mar. 8, 2017); *see also Phelan v. Sullivan*, 541 F. App'x 21, 23 (2d Cir. 2013) ("A false arrest claim is defeated by . . . [P]laintiff's conviction for the offense for which he was arrested."); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause."); *Clark v. City of New York*, No. 16-CV-7744, 2018 WL 4372671, at *4 (S.D.N.Y. Sept. 13, 2018) ("A conviction of the crime for which an individual is arrested bars recovery for false arrest or malicious prosecution."); *Hudson v. County of Dutchess,* No. 12-CV-5548, 2015 WL 7288657, at *11 (S.D.N.Y. Nov. 16, 2015) (collecting cases); *Hope v. City of New York*, No. 08-CV-5022,

2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest.").

"The same is true if the conviction is obtained through a guilty plea." *Croft v. Greenhope Servs. for Women, Inc.*, No. 13-CV-2996, 2013 WL 6642677, at *5 (S.D.N.Y. Dec. 17, 2013) (citing *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996)); *see also Timmins v. Toto*, 91 F. App'x 165, 166 (2d Cir. 2004) ("[I]n this Circuit, a plaintiff cannot establish any such claim [of false arrest] if he pleads guilty to a lesser offense pursuant to a plea agreement."); *Bell v. Drakeford*, No. 18-CV-2225, 2020 WL 1819879, at *3 (S.D.N.Y. Apr. 10, 2020) ("Since a guilty plea is the equivalent of a conviction, a guilty plea will also bar a § 1983 false arrest claim." (citation omitted)); *Hope,* 2010 WL 331678, at *2 ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested.").

Here, Plaintiff alleges that he was subject to an illegal arrest. (Compl. 4.) However, the hearing transcript attached to Defendant's Motion reveals that Plaintiff pled guilty to a lesser charge. (*See* Hearing Tr. 6, 24, 36; *see also* Def.'s Mem. 3–4.)[2] Accordingly, the Court finds that Plaintiff is barred from recovery on his false arrest claim, and that claim is therefore dismissed. *See Williams v. City of New York Police Dep't.*, No. 06-CV-6053, 2007 WL 2462669, at *1 (E.D.N.Y. Aug. 27, 2007) (finding that plaintiff's guilty plea "conclusively establishe[d] that there was probable cause for his arrest"); *Roundtree v. City of New York*, 778 F. Supp. 614, 619–20 (E.D.N.Y. 1991) (dismissing a false arrest claim where plaintiff was arrested for possession of cocaine and pled guilty to lesser offense of disorderly conduct).

---

[2] Based on the Hearing Transcript, it appears that Plaintiff was charged with Criminal Possession of a Weapon in the Second Degree, but he pled guilty to the lesser charge of Attempted Criminal Possession of a Weapon in the Second Degree. (Hearing Tr. 6, 8.)

### 5. Medical Care

In *Estelle v. Gamble*, 429 U.S. 97 (1976), "the Supreme Court held that 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment[,] . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Estelle*, 429 U.S. at 104–05).  "The Court subsequently extended the protections for convicted prisoners established in *Estelle* to pretrial detainees under the Due Process Clause of the Fourteenth Amendment, reasoning that 'the due process rights of a person [detained but not convicted] are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Charles v. Orange Cty.*, 925 F.3d 73, 86–87 (2d Cir. 2019) (applying same two-part objective/subjective standard to detainee's claim for deliberate indifference to serious medical needs under the Eighth and Fourteenth Amendments); *Massey v. City of New York*, No. 20-CV-9719, 2022 WL 179828, at *1 (S.D.N.Y. Jan. 20, 2022) ("While the Eighth Amendment applies only to convicted inmates and not pretrial detainees such as [Plaintiff], the Due Process Clause of the Fourteenth Amendment provides equivalent protections to pretrial detainees.").

"To state a claim under the Fourteenth Amendment for deliberate indifference to medical needs, health[,] or safety, Plaintiff must plausibly allege that (1) 'the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process' (the 'objective prong') and (2) defendants 'acted with at least deliberate indifference to the challenged conditions' (the 'mens rea prong')." *Morris v. City of New York*, No. 20-CV-9314, 2021 WL 4461994, at *4 (S.D.N.Y. Sept. 29, 2021) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29–30 (2d.

Cir. 2017.)  To establish the objective prong, Plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  *Herbert v. Smith*, No. 20-CV-06348, 2021 WL 3292263, at *5 (S.D.N.Y. Aug. 2, 2021).  Regarding the subjective prong, "[d]eliberate indifference requires, at a minimum, culpable recklessness, i.e., an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Darby*, 14 F.4th at 128 (quotation marks and italics omitted).

Here, Plaintiff alleges that he was "denied medical assistance" for his "[b]ruised ribs, bruised and knotted head lumps."  (Compl. 4–5.)  However, "[d]istrict courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are not sufficiently serious to support a deliberate indifference claim."  *Brown v. Annucci*, No, 19-CV-09048, 2021 WL 860189, at *5 (S.D.N.Y. Mar. 8, 2021); *but see Ruggiero v. Way*, No. 19-CV-3631, 2020 WL 5126112, at *7 (S.D.N.Y. Aug. 31, 2020) (injury sufficiently serious where the plaintiff alleged facial laceration that needed to be glued shut and long-term effects resulting from a head injury).  Plaintiff's alleged injuries are akin to those that have been found by courts in this district to be insufficiently serious to establish a deliberate indifference claim.  *See, e.g.*, *Brown*, 2021 WL 860189, at *5 (finding that the plaintiff's injuries, i.e., a "busted eye that was swollen for two weeks," "a laceration under his left eye, and [] bleeding out of his right nostril and upper lip" were insufficiently serious to state a deliberate indifference claim); *Adams v. Annucci*, No. 17-CV-03794, 2020 WL 1489787, at *12 (S.D.N.Y. Mar. 27, 2020) (dismissing claim for deliberate indifference to a serious medical need because plaintiff's "headaches, backaches, stomach pains, sleeplessness, stress, and anxiety" "fail[ed] to satisfy the objective requirement"); *cf. Casanova v. Maldonado*, No. 17-CV-01466, 2021 WL 3621686, at *7 (S.D.N.Y. Aug. 16, 2021) (granting summary judgment for the defendant on deliberate

18

indifference claim because the plaintiff's injuries, namely "bumps on his head, back pain, a headache, and superficial scratches" were not of the type that "might have produced death, degeneration, or extreme pain"); *Vasquez v. Cnty. of Rockland*, No. 13-CV-5632, 2020 WL 883514, at *13 (S.D.N.Y. Feb. 24, 2020), *reconsideration denied*, 2020 WL 8079814 (S.D.N.Y. Oct. 15, 2020), *aff'd sub nom. Vasquez v. Rockland Cnty.*, No. 20-3684, 2021 WL 5286676 (2d Cir. Nov. 15, 2021) (granting summary judgment for defendants where plaintiff's "headache and vomiting, neck tenderness, and scratches on [the plaintiff's] chest" were insufficiently serious to establish deliberate indifference claim).

Even if Plaintiff could establish the objective element, however, he cannot establish the subjective element. The medical incident report attached to the Complaint shows that Plaintiff was seen by a nurse at the Orange County Jail for his injuries. (*See* Medical Incident Report.) Thus, the documents attached to the Complaint itself do not suggest that Defendants "denied him treatment," *Darby*, 14 F.4th at 129 (citing *Charles*, 925 F.3d at 87), but instead merely show that Plaintiff "disagrees with [Defendants'] assessment of the severity of his condition and recommendation for treatment." *Id.* "This constitutes, at most, a difference of opinion about the proper course of treatment; it does not demonstrate deliberate indifference to a substantial risk of harm to [Plaintiff's] health." *Id.*; *see also Kalamaras v. Mangano*, No. 16-CV-00459, 2016 WL 4132254, at *9 (E.D.N.Y. Aug. 2, 2016) ("Although Plaintiffs may disagree with the medical treatment provided, such disagreement does not give rise to a deliberate indifference claim."). "Even assuming that [Defendants'] proposed treatment was inadequate, mere medical malpractice is not tantamount to deliberate indifference absent a showing of conscious disregard of a substantial risk of serious harm." *Darby*, 14 F.4th at 129 (quotation marks omitted).

Thus, Plaintiff has not alleged that Defendants acted with deliberate indifference to his serious medical condition, and this claim is therefore dismissed.

### 6. Perjury

"[A] [§] 1983 plaintiff may sue for denial of the right to a fair trial based on a police officer's fabrication of information . . . when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 274 (2d Cir. 2016). To establish a fair trial claim based on fabrication of evidence, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Ganek v. Leibowitz*, 874 F.3d 73, 90 (2d Cir. 2017). "To satisfy the third element, the fabricated evidence need not actually reach a jury." *Gutierrez v. New York*, No. 18-CV-3621, 2021 WL 681238, at *17 (E.D.N.Y. Feb. 22, 2021). The Second Circuit only requires "a showing . . . that the [false] information would likely influence the jury if it arrived at a jury." *Cook v. City of New York*, 243 F. Supp. 3d 332, 351 (E.D.N.Y. 2017). Unlike a false arrest or malicious prosecution claim, "'[p]robable cause is not a defense' to a claim for a denial of the right to a fair trial" based on the fabrication of evidence. *Garnett*, 838 F.3d at 277 (alteration in original) (quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)).

Defendants contend that there is a sixth element, established in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), requiring termination of the prosecution in the plaintiff's favor. (*See* Defs.' Mem. 5.) However, the Second Circuit has found that "*McDonough*'s accrual rule does not import malicious prosecution's favorable-termination requirement onto [§] 1983 fair-trial

claims." *Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. Aug. 20, 2021).  The Second Circuit

explained that, "[w]here the plaintiff asserts a [§] 1983 fair-trial claim based on fabricated

evidence, all that is required is that the underlying criminal proceeding be terminated in such a

manner that the lawsuit does not impugn an ongoing prosecution or outstanding conviction." *Id.*

Furthermore, the Second Circuit stated that "[t]his requirement may be satisfied where a criminal

conviction has been invalidated or a criminal prosecution has been terminated in the criminal

defendant's favor because, in such circumstances, there is no risk that a section 1983 plaintiff's

claim will impugn an existing conviction or the basis for an ongoing prosecution." *Id.*

Here, to the Court's knowledge, Plaintiff's criminal conviction has not been

invalidated—it was not, for example, overturned on appeal or otherwise dismissed.  *See, e.g.*,

*Kee v. City of New York*, 12 F.4th 150, 170 (2d Cir. 2021) (finding that the *McDonough*

favorable termination element was met for fair trial claim where the underlying criminal

proceeding was dismissed on speedy trial grounds); *Jones v. City of Syracuse*, No. 20-CV-340,

2021 WL 4243439, at *4, *7 (N.D.N.Y. Sept. 17, 2021) (finding that the *McDonough* favorable

termination element was met for fair trial claim where the plaintiff's conviction was dismissed

on appeal because it was based on evidence that should have been suppressed).  Indeed, as

Defendants point out, the prosecution was not terminated in Plaintiff's favor, having ended in a

conviction after Plaintiff pled guilty.  (*See* Defs.' Mem. 5; *see also generally* Hearing Tr.)  Thus,

although Defendants did not correctly articulate the *McDonough* element as applied by the

Second Circuit to fair trial claims, Plaintiff still does not meet that element, and thus cannot state

a fair trial claim.  Plaintiff's fair trial claim is therefore dismissed.

<u>III. Conclusion</u>

For the reasons stated above, all of Plaintiff's claims against the City are dismissed, except for Plaintiff's excessive force claim, which the City did not move to dismiss.  (*See* Defs.' Mem. 2.)  That is, Plaintiff's false arrest, medical care, perjury, and *Monell*, claims are dismissed without prejudice.  Because this is the first adjudication of Plaintiff's claims on the merits, the Complaint is dismissed without prejudice.  Plaintiff may file an amended complaint within 30 days of the date of this Opinion & Order.  The amended complaint should contain appropriate changes to remedy the deficiencies identified in this Opinion & Order.  Plaintiff is advised that the amended complaint will replace, not supplement, the instant Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider.  If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the instant Motion, (Dkt. No. 17), and mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:      June 27, 2022
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE