UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE BOYKINS,

                Plaintiff,

    v.

OFFICER ANGEL LOPEZ, *et al.*,

                Defendants.

No. 21-CV-02831 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Before the Court is the City of Newburgh's (the "City") Motion for Reconsideration (the "Motion"), (*see* Mot. for Reconsideration (Dkt. No. 23)), seeking reconsideration of the Court's June 27, 2022 Opinion and Order granting the City's Motion to Dismiss (the "Opinion"), (*see* Op. & Order ("2022 Op.") (Dkt. No. 22)).[1]

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

---

[1] Plaintiff brought suit against Officer Angel Lopez; Officer Joseph Palermo; and Officer Parades (collectively, the "Individual Defendants") and also against the City and City of Newburgh Police Department (the "Police Department"). (*See* Compl. at 1 (Dkt. No. 1).) The City filed the Motion to Dismiss, which addressed the claims against the City, the Police Department, and the Individual Defendants. (*See* Mem of Law in Supp. of Dismissal ("Def's Mem.") at 1–2 (Dkt. No. 19).)

1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation omitted)); *Leith v. Emerson*, No. 05-CV-7867, 2007 WL 9818914, at *2 (S.D.N.Y. Nov. 20, 2007) ("Rule 6.3 is narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly [considered] by the court." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the [C]ourt." *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Intergit*, 52 F. Supp. 3d at 523 (same).

       The Court finds that the City's Motion meets this high bar. In its Memorandum of Law, the City requested that the Court dismiss the Complaint against the City and also dismiss all but

the excessive force claim against the Individual Defendants: "This memorandum of law is in support of the City of Newburgh's motion *to dismiss the [C]omplaint against it* as well as the false arrest, denial of medical assistance and perjury claims." (Def's Mem. at 2; *see also id.* at 10 ("[T]he entire [C]omplaint should be dismissed against the City of Newburgh for failure to state a claim").) In its Opinion, the Court stated that "all of Plaintiff's claims against the City are dismissed, except for Plaintiff's excessive force claim, which the City did not move to dismiss." (*See* 2022 Op. at 22) However, as the City has pointed out, the Court's determination appears to have been based on a misapprehension of the City's requested relief. (*See* Mot. for Reconsideration at 3.)

      The Court grants the City's motion for reconsideration and dismisses the excessive force claim against the City in order to "correct a clear error" in its earlier Opinion. *Alvarez*, 2017 WL 6033425 at *2. Plaintiff may file an amended complaint within 30 days of the date of this Order. The amended complaint should contain appropriate changes to remedy the deficiencies identified in this Order and the Court's Opinion. Plaintiff is reminded that the amended complaint will replace, not supplement, his original Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

      The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 23), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 17, 2022
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge