UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE BOYKINS,

                            Plaintiff,

            -v-

OFFICER ANGEL LOPEZ, *et al.*,

                            Defendants.

No. 21-CV-2831 (KMK)

KENNETH M. KARAS, United States District Judge:

On June 27, 2022, this Court issued an Opinion & Order dismissing Plaintiff's Complaint

without prejudice.  (*See generally* Op. & Order ("MTD Op.") (Dkt. No. 22).)  The Court

instructed Plaintiff that if he wished to file a second amended complaint, he must do so within 30

days of the Opinion & Order and that failure to properly and timely amend would likely result in

dismissal of the claims against Defendants with prejudice.  (*Id.* at 22.)  After granting

Defendants' Motion for Reconsideration in an Order issued November 17, 2022, the Court

provided Plaintiff with an additional 30 days to amend his Complaint.  (*See* Order (Dkt. No. 27).)

On January 3, 2022, the Court issued an Order to Show Cause why Plaintiff's case should not be

dismissed for failure to prosecute.  (*See* Order (Dkt. No. 28.)  To date, Plaintiff has not filed an

amended complaint.  (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P.

41(b).  Federal Rule of Civil Procedure 41(b) of the provides that a case may be involuntarily

dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id.*

Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for

failure to prosecute, it has long been recognized that a district court has the inherent authority to

dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action.  Plaintiff was granted 30 days to amend his Complaint, and after granting the Defendants' Motion for Reconsideration, granted an additional 30 days to amend.  (*See* MTD Op. at 22; Order (Dkt. No. 27).)  In total, Plaintiff has had 9 months to amend his Complaint, and he has not acted to amend it.  (*See generally* Dkt.)  Accordingly, Plaintiff's case is dismissed without prejudice for

2

failure to prosecute.  *See, e.g., U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (affirming that plaintiff had engaged in unreasonable delay after failing to file an amended complaint for 17 months after deadline had passed); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming involuntary dismissal for failure to prosecute where plaintiff and counsel "did absolutely nothing at all" to move case forward for six months).

The Clerk of Court is respectfully directed to close this case and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: April 10, 2023
       White Plains, New York

_____
       KENNETH M. KARAS
       United States District Judge